IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KELORA SYSTEMS, LLC,                                         OPINION AND ORDER

                Plaintiff,

                                                 10-cv-683-bbc

      v.

TARGET CORPORATION, OFFICEMAX, INC.,
SHOPKO STORES OPERATING CO, LLC,
BRIGGS & STRATTON CORPORATION,
NATIONAL BUSINESS FURNITURE, LLC,
ROCKLER COMPANIES,INC.,
1-800-FLOWERS.COM,INC., PC CONNECTION, INC.,
MASON COMPANIES, INC. d/b/a MARYLAND SQUARE,
AMAZON.COM, INC., DELL, INC.,
OFFICE DEPOT, INC., NEWEGG INC.,
COSTCO WHOLESALE CORPORATION,
HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P.,
CIRCUITCITY.COM INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Various motions to dismiss or transfer this case have been filed by the defendants in this case for patent infringement. Because I agree with defendants that transfer is appropriate under 28 U.S.C. § 1404, it is unnecessary to decide whether this court has personal jurisdiction over each of the defendants. Cote v. Wadel, 796 F.2d 981, 985 (7th

1

Cir. 1986). I will leave it for the Northern District of California to determine in the first instance whether the complaint fails to satisfy Fed. R. Civ. 8 and whether plaintiff's claims must be dismissed under the doctrine of issue preclusion in light of a previous ruling by the California court.

Each of the defendants has filed or joined a motion to transfer this case to the Northern District of California. Dkt. ##98, 102, 105, 110, 113, 132 and 139. "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In response to defendant Dell, Inc's motion to transfer, plaintiff argued initially that Dell has failed "to show that [plaintiff] could have brought its claims in the Northern District of California against all of the defendants." Plt.'s Br., dkt. #127, at 14. Now that all of the defendants have stated their wish to try the case in California, they have waived any objections to the exercise of personal jurisdiction in that state. TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 589 (7th Cir. 2005) (objections to personal jurisdiction may be waived); Liaw Su Teng v. Skaarup Shipping Corp., 743 F.2d 1140, 1149 (5th Cir. 1984) (motion to transfer to particular district waives party's right to object to personal jurisdiction in that district).

These waivers do not necessarily satisfy § 1404 because the Supreme Court has stated that the phrase "where it might have been brought" in § 1404 does not mean "where it may

2

now be rebrought, with defendants' consent." Hoffman v. Blaski, 363 U.S. 335, 342-43 (1960). In other words, in Hoffman the Court stated a general rule that transfer to a particular district is not appropriate unless the plaintiff could have filed the case in that district regardless of the consent of the defendants. As Judge Shabaz observed, "both the Supreme Court and other courts have carved out exceptions to the rule. There have been several circumstances where a common-sense approach in applying 28 U.S.C. § 1404(a) has required exceptions to the Hoffman rule, and accordingly transfer of a case to a particular district has not been barred even though the plaintiff could not as a matter of right have brought the same exact case in the transferee district." Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc., 512 F. Supp. 2d 1169, 1173 (W.D. Wis. 2007).

    I need not linger on the question whether an exception to the Hoffman rule should apply in this case. After Dell filed its motion, several other defendants filed their own transfer motions under § 1404, dkt. #132, arguing that personal jurisdiction is appropriate in the Northern District of California with respect to each defendant for the same reason that plaintiff argues that personal jurisdiction is present in this district, which is that each of the defendants has contacts with residents of that district through its website. Although the law regarding personal jurisdiction and the internet is still developing, e.g., Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A., 623 F.3d 440, 444-46 (7th Cir. 2010), plaintiff does not develop an argument in opposition to

defendants' motion or even address the issue of personal jurisdiction in its response to the motion, so I have no reason to question whether plaintiff could have filed this case in California.

With respect to the convenience of the parties and witnesses and the interest of justice, the Court of Appeals for the Seventh Circuit recently provided some guidance in applying the statute. Research Automation, Inc. v. Schrader-Bridgeport International, Inc., 626 F.3d 973 (7th Cir. 2010). The court stated that § 1404(a) "permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." Id. at 978 (quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22 487 U.S. 22, 29 (1988)). However, the court summarized the most salient factors:

> With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum. Other related factors include the location of material events and the relative ease of access to sources of proof.
>
> The "interest of justice" is a separate element of the transfer analysis that relates to the efficient administration of the court system. For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy.

Id. (internal quotations omitted).

In this case, the convenience factor does not weigh heavily in either direction.

4

Plaintiff does not identify any connection to Wisconsin that would make litigating in this state more convenient for it. In fact, it seems that the parties are willing to overlook their own convenience to obtain or prevent a transfer. Plaintiff is headquartered in the Northern District of California, but objects to trying the case there; one of the defendants (Briggs & Stratton) is headquartered in this district, but supports a transfer to California. (Originally, there were two defendants in this district, but plaintiff voluntarily dismissed its claims as to defendant Eastbay on February 15, 2011. Dkt. #140.) The other defendants are scattered throughout the country, in states including Washington, New Hampshire, Florida and Texas. No matter where the case proceeds, the venue will be more convenient for some parties than others.

The determinative factor in this case is the interest of justice, in particular the existence of related cases in the Northern District of California. Research Automation, 626 F.3d at 978 ("The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result."). See also Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir.1989) ("interest of justice" includes "trying related litigation together, and having a judge who is familiar with the applicable law try the case"); Coffey v. Van Dorn Iron Works, 796 F.2d 217, 221 (7th Cir. 1986) (relevant factor is whether "whether a transfer would facilitate consolidation of related cases"). This is among the most persuasive reasons I have found for

transferring a patent case in the past. E.g., Therma-Stor LLC v. Abatement Technologies, Inc., 2010 WL 446024, *2 (W.D. Wis. 2010) (transferring patent case with related case in another district); Amtran Technology Co., Ltd. v. Funai Elec. Co., Ltd., 2009 WL 2341555, *5 (W.D. Wis. 2009) (same); Rudich v. Metro Goldwyn Mayer Studio, Inc., 2008 WL 4691837, *6 (W.D. Wis. 2008) (same); Carson v. Flexible Foam Products, Inc., 2008 WL 1901727, *2 -3 (W.D. Wis. 2008) (same); Broadcom Corp. v. Agere Systems, Inc., 2004 WL 1176168, *1 (W.D. Wis. 2004) (same). Because of the complexity of many patent cases, judicial economy is best served when the court already familiar with the technology of the patent and the relevant facts and law presides over the case.

Five cases involving U.S. Patent 6,275,821 (the only patent at issue in this case) are proceeding in the Northern District of California before the same judge. PartsRiver, Inc. v. Shopzilla Inc., No. 09-cv-811-CW; eBay, Inc. v. PartsRiver, Inc., No. 10-cv-497-CW; eBay, Inc. v. PartsRiver, Inc., No. 10-cv-5106-CW; Microsoft Corporation v. PartsRiver, Inc., No. 10-cv-5108-CW; Shopzilla, Inc. v. Kelora Systems,LLC, No. 11-cv-502-CW (PartsRiver is the previous owner of the '821 patent. Kelora is an additional defendant in all but the first of these cases.) Two of these cases were filed before the lawsuit in this court and, in one case, the California court has already issued a summary judgment decision on validity.

Plaintiff emphasizes the fact that the Patent and Trademark Office "reexamined" the '821 patent after the summary judgment decision and allowed plaintiff to amend the claims

that the California court invalidated, putting this court on "equal footing" because the "California court has never had occasion to consider the validity of the reexamined claims." Plt.'s Br., dkt. #127, at 20. This argument is not persuasive.

By the patentee's own argument in context of the reexamination proceedings, the amended claims are "legally identical" to the original claims. Dkt. #103-9. Although plaintiff has disavowed that position now, it has stipulated that the newer cases proceeding in California (which are declaratory actions for noninfringement and invalidity of the amended claims) are "related" to the first case such that each case should be assigned to the same judge. Dkt. #128-2. Thus, plaintiff's denial of any relationship in the context of this case is disingenuous at best. In any event, the alleged infringers in this case and in each of the California cases have taken the position that the amended claims are legally identical to the original ones. In fact, the alleged infringers are contending in each case that the doctrine of issue preclusion bars plaintiff from further litigating the validity of claims 1 and 2 of the '821 patent. In the absence of any significant reason for maintaining this action in Wisconsin, principles of comity and common sense suggest that the Northern District of California should have the opportunity in the first instance to determine the scope of its own rulings.

Plaintiff argues that it will be "prejudiced" by the transfer because this court has already set a trial date for the case. However, plaintiff fails to develop any argument

7

explaining why it needs a particularly speedy resolution of the case (plaintiff does not practice its patent or compete directly with defendants) or why it believes that transfer is likely to significantly delay the proceedings (in the original case, the Northern District of California issued its summary judgment opinion a mere five months after it received the case from the Eastern District of Texas). Accordingly, I conclude that defendants have met their burden to show that the case should be transferred to the Northern District of California.

ORDER

IT IS ORDERED that

1. The motions to transfer this case to the Northern District of California filed by defendant Dell, Inc., dkt. #98, defendants National Business Furniture, LLC and Shopko Stores Operating Co., LLC, dkt. #102, and defendants Amazon.Com, Inc., Briggs & Stratton Corporation, Costco Wholesale Corporation, Newegg Inc., Office Depot, Inc., PC Connection, Inc., Rockler Companies, Inc. and Target Corporation, dkt. #132, are GRANTED.

2. The motion to dismiss filed by defendant Hewlett-Packard Development Company, dkt. #88, is DENIED as moot with respect to questions of personal jurisdiction and venue.

3. I have given no consideration to any of defendants' motions to dismiss the case for failure to state a claim upon which relief may be granted.

4. This case is TRANSFERRED to the United States District Court for the Northern District of California.

Entered this 23d day of March, 2011.

                                BY THE COURT:

                                /s/
                                BARBARA B. CRABB
                                District Judge